## CIRCUIT COURT OF WASHINGTON COUNTY

Osborne

v.

Hodge et al.

May 11, 1987

By JUDGE CHARLES H. SMITH, JR.

This is to advise that the court has reached its decision with regard to damages in this case.

This death case involved a 63 year old widow who was essentially in good health. She was employed full-time and was otherwise very active in church, community, and family affairs.

According to the believable testimony, she enjoyed an excellent relationship with her two children, the statutory beneficiaries, as well as extended family members. In fact, since the death of her husband in 1965, she had made her home with her daughter. She had no expenses there and, thus, was able to spend virtually all of her income on her grandchildren. It was obvious to the court that the decedent's children have suffered a great loss and continue to miss and grieve over their mother.

This was a case of clear liability on the part of the driver of the truck and no contributory negligence by the driver of the car. The truck driver, in making his turn, violated at least four "rules of the road" which the court will not reiterate here. His negligence in doing so caused the accident and caused the death of plaintiff's decedent.

Damages to statutory beneficiaries for death by wrongful act are not meant to be punitive but a means by which the damaging party may make some amends for the wrong done. The court must consider all elements of damages

and make an award that is fair and just under all the circumstances. Obviously, no amount of compensation is sufficient in a case like this.

The court has determined to set damages at $115,000.00 plus funeral expenses and the costs of this action.

As to distribution among the statutory beneficiaries, while I see no difference between them in their love for and devotion to their mother or in their sorrow and grief, I would apportion the award $62,500.00 to the daughter and $52,500.00 to the son, basically because of the long period of time the decedent had lived with her daughter prior to her death.